15404

## LEWIS v. LEWIS *ET AL.*

(20 S. E. (2d), 107)

November, 1941.

The Circuit Order of Judge Lide, appealed from, follows:

The demurrer of the defendants herein to the amended complaint and the motion hereinafter referred to were heard before me at my chambers at Marion on January 14, 1942, and after argument of counsel, were taken under advisement.

The defendants heretofore demurred to the original complaint upon two grounds, one of them being that it appears upon the face of the complaint that the plaintiff has no legal capacity to sue. This demurrer was sustained by an order

granted by me dated November 19, 1941, and under the terms of this order counsel for the plaintiff were given the right to amend, the amended complaint to be served within twenty days from written notice of the filing of the order. Within due time the amended complaint was served and the demurrer thereto now presented in behalf of the defendants is upon the ground that:

"It appears upon the face of the complaint that the plaintiff has no legal capacity to sue in that he is suffering from such physical and mental disabilities as to render him incapable and unfit to transact business."

It will thus be seen that the ground of the demurrer to the amended complaint is practically the same as that to the original complaint, so far as this point is concerned; and in this connection I quote the following from my order above mentioned, dated November 19, 1941:

"Counsel for the plaintiff indicated that as to the first ground it was not intended to allege a present or complete mental incapacity, but the following language found in the complaint does not seem to me to admit of any other reasonable construction:

" 'That since the latter part of the year 1938, when plaintiff, an unlettered man, who is now in his 83 year, sustained the loss of his wife with whom he had resided for a period of more than fifty years, plaintiff had been suffering with such physical and mental disabilities as to render him incapable and unfit to transact any business'."

The language of the amended complaint, however, is quite different from the above quoted, as will appear from Paragraph 2 of the amended complaint, the whole of which is as follows: "That during the month of December, 1938, when plaintiff, an unlettered man, now in his 83 year, sustained the loss of his wife with whom he had resided for more than 50 years, and soon after her decease and during the first part of the year 1939, plaintiff was seriously injured in an automobile collision in which he sustained a fractured skull with

a concussion of the brain and other such serious and permanent injuries so as to necessitate his confinement in a hospital for many months; that the shock of the loss of plaintiff's wife combining and concurring with the subsequent and serious injuries above set forth, and from which he has never recovered, so accelerated and aggravated the usual physical and mental diseases of senility as to render plaintiff of such mental and physical weakness as to necessitate constant personal attention and render him incapable of exercising deliberate judgment, and to be easily overpersuaded and influenced, and highly subject to artifice, cunning, duress and coercion. That for a considerable portion of the time during which plaintiff was confined in the hospital, as aforesaid, and for a long period of time thereafter, plaintiff was so mentally and physically infirm as to be compelled to rely upon counsel and advice in order to carry on his extensive affairs."

The demurrer to the original complaint was sustained because of the allegation that the plaintiff was too incapable mentally to transact any business. This language seemed so plain and unequivocal it was my judgment that giving face value to the allegations of the complaint, whether so intended or not, they alleged such mental unsoundness as to require the demurrer to be sustained. But after due consideration and reflection, I do not think the allegations contained in the amended complaint can be so construed. ·

Obviously the concept of mental incapacity is one of degree. A person may have sufficient mental capacity to transact some kinds of business and not others. "Mental infirmity admits of a wide variety of conditions, of varying degrees of severity, depending upon the individual case." 28 Am. Jur., 657. Certainly the mere fact that one's mind has been weakened by old age, accident or disease is not sufficient to show that he is an insane person or a person *non compos mentis.* In the statutes relating to the appointment of a committee (Sections 6234-6236, Code 1932), the phrase used is "insane person" or "insane person or luna-

tic." And it will be observed that in the statute relating to the appointment of a guardian *ad litem* for such a person (Acts 1937, 40 St. at Large, page 47), the phrase used throughout is "insane person." This phrase is indeed not defined in any of those statutes, and it would probably be difficult if not impossible to give a precisely accurate definition, but manifestly it contemplates such a degree of mental incapacity as to connote inability to understand and deal with the common affairs of life. *Foster v. Means*, Speers Eq., 569, 42 Am. Dec., 332. Assuming as we must that the allegations above quoted from the amended complaint are true, it may not in my opinion be reasonably inferred therefrom that the plaintiff is in any accepted definition of the term an insane person, or one so mentally incompetent as not to have legal capacity to maintain the instant action. And the complaint should be construed favorably to the plaintiff.

Counsel for the plaintiff cite the case of *Wilson v. Wilson*, 117 S. C., 454, 112 S. E., 330, because the allegations in the complaint in that case were similar to those in the amended complaint herein, and no question of legal capacity to maintain the suit was there raised. To deprive any plaintiff of the right to maintain an action in his own name upon the ground that the allegations of the complaint show mental incapacity is quite drastic, and hence should not be done in the absence of clear and unequivocal allegations definitely showing that the plaintiff is an insane person.

Indeed, there are many cases in other jurisdictions which go much further and hold in effect that one who is not under guardianship, or has not otherwise been adjudicated mentally incompetent, may maintain an action although he is an insane person. I quote the following exposition of the law as found in 28 Am. Jur., 735, 736:

"The rule prevailed at early common law that idiots, lunatics, and those born deaf and dumb were incapable of instituting suit in their own behalf since they lacked the req-

uisite reason and understanding. Some recognition is given to this rule by recent authority which asserts that a person who is insane cannot personally maintain a suit, but, as hereinafter shown, modern authorities generally regard the fact of incompetency of a party to an action as one to be considered from the standpoint of securing the protection of the interests of the incompetent, by appointing a guardian *ad litem* or next friend to act for him in the suit, rather than from the standpoint of capacity to institute the suit. In fact, the common-law right of a lunatic to maintain a suit was declared as long ago as Lord Coke's time, and the modern rule is that an insane person has a legal capacity to sue or be sued the same as a sane person, provided he has not been divested of the power to act for himself by having been adjudicated incompetent and having been placed under guardianship. Hence the generally prevailing rule of law is that an insane person, who is not under guardianship, or has not been otherwise adjudicated incompetent to manage his affairs, may appear and prosecute or defend by attorney any ordinary action at law if no special reason is shown to the contrary, and that such insane person will be bound by the result of the proceeding."

The above-quoted statements are supported by the cases cited in the notes, but I observe none from South Carolina. However, it is not necessary to consider whether or not our Court would adopt what is above designated as the generally prevailing rule; for under the principles hereinbefore stated, I think the demurrer to the amended complaint should be overruled.

The defendants also moved for an order setting aside the "attempted service of the amended summons and complaint" upon three grounds, the last of which is to the effect that the amended complaint does not substantially change the allegations as to mental incapacity of the plaintiff contained in the original complaint; but it seems to me clear that this ground is not well taken because as above

indicated I think the allegations of the amended complaint in this particular are very different in scope from those contained in the original complaint. The other grounds of the motion are that the amended complaint was not filed in the office of the Clerk of this Court within twenty days from written notice of the filing of my order dated November 19, 1941; and that the amended complaint was not verified pursuant to law. But the order of November 19, 1941, did not require the amended complaint to be filed within a specified time, the time limitation relating only to the service thereof. Hence this ground is likewise untenable. And so far as the verification is concerned, it appears regular on its face, and the plaintiff acknowledged his signature thereto at the hearing before me. The affidavits offered in behalf of the defendants with reference to the verification do tend to show that it was not actually signed at the time it was dated, to wit, December 11, 1941, and Cordie Page, Esq., one of the attorneys for the plaintiff, who took the verification as notary public, stated at the hearing that its date was incorrect, but that it was otherwise regular. However, it does not seem to me that a mere error in the date of the verification would invalidate it. All the grounds of the motion should therefore be overruled.

And it is ordered, that the demurrer and the motion aforesaid be, and they are hereby, overruled; provided, that the defendants shall have the right to answer the amended complaint within twenty (20) days after the service upon their attorneys of written notice of the filing of this order, exclusive of the day of such service.

*Messrs. Wright & Burroughs,* of Conway, S. C., counsel for appellants,

*Messrs. Norton & Norton,* of Marion, S. C., and *Mr. Cordie Page,* of Conway, S. C., counsel for respondent,

May 5, 1942.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The action in this case was commenced by the service of summons and complaint, dated October 8, 1941, in the Court of Common Pleas for Horry County, for the purpose of setting aside certain deeds made by the respondent to J. T. Lewis, one of the appellants. To the complaint the appellants demurred upon two grounds, the only one of which now be-

fore the Court is that the complaint showed upon its face that the respondent had no legal capacity to sue. The demurrer was sustained by the Honorable L. D. Lide, presiding Judge, with the provision that the respondent be allowed to file and serve an amended complaint, with which provision respondent complied on December 11, 1941. To the amended complaint appellants demurred on the same ground which we have above set out.

On the same date, appellants served notice of motion to set aside the service of the amended complaint upon several grounds, only two of which are relevant here: First, that the amended complaint is not verified as required by statute, and, second, that the amended complaint did not substantially change the allegations as to mental capacity of the respondent which were contained in the original complaint. This motion was supported by affidavits attached to the notice. It is admitted that the original complaint was duly verified.

On January 21, 1942 (erroneously stated in the record as January 21, 1941), Judge Lide, by appropriate order, overruled the demurrer and the above-described motion, after a hearing thereon and argument by counsel, and provided that the defendants should have the right to answer the amended complaint within twenty days after the service upon their attorneys of written notice of the filing of the order.

From the foregoing order, appellants appealed to this Court upon nine exceptions, which, according to counsel for appellants, constitute the following seven questions:

"1. Do the facts appearing upon the face of the amended complaint reveal the insanity of the plaintiff, within contemplation of law, so as to require that a demurrer upon the ground of lack of capacity should have been sustained?

"2. Do the facts appearing upon the face of the original complaint, the amended complaint and from uncontradicted affidavits show such mental incapacity as to require the Court to hold that the action could not be maintained by the plaintiff in his own name?

"3. It having been held by the Court that an insane plaintiff cannot maintain an action in his own name, and no appeal having been taken, has such order become the law of the case so as to preclude a subsequent holding to the contrary?

"4. Where a demurrer to a complaint based upon the ground of lack of mental capacity has been sustained, with leave to amend, and the amended complaint, sets forth substantially the same allegations to which the demurrer was addressed, should the Court, upon motion, dismiss the amended complaint?

"5. Are the allegations of the amended complaint touching the question of mental capacity substantially the same as, or not essentially different from, the allegations of the original complaint on the same question?

"6. May the Court, upon the hearing of a motion, take into consideration or give effect to, unsworn statements of a party or counsel?

"7. Where a *prima facie* showing is made by affidavits that an amended complaint was either not verified by the plaintiff, or, if he actually signed the verification, he lacked requisite mental capacity, and the original complaint was verified, should not the service of the amended complaint be set aside upon motion?"

In our opinion, the only questions involved are: First, should the demurrer have been sustained, and, second, should the service of the amended complaint have been set aside on motion?

The real issues in this case have been fully and ably discussed and decided, on grounds supported by adequate authorities, in the order of Judge Lide, of January 21, 1942; and the corollary issues have all been answered either expressly or by implication in the said order, which is adopted as the judgment of this Court, and which is ordered to be reported herein.

All exceptions are overruled, and the judgment is affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.